(No. 75-CV-15-)

EMMA HOPE, on behalf of MARRIE ANNETTE HOPE, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 2, 1975.*

EMMA HOPE, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on January 24, 1974, in an elevator at 2501 West Monroe, Chicago, Illinois. Emma Hope, mother of the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, ch. 70, §71, et seq.* (hereafter referred to as the "Act"). The claimant alleges that she assumed funeral costs and that the victim's son, Richard Hope, age 2, was completely dependent upon the victim for support.

This Court has carefully considered the application

for benefits submitted on the form prescribed and furnished by the court, and a report of the Attorney General of the State of Illinois, which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the victim, Marrie Annette Hope, age 18, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Murder" (*Ill. Rev. Stat., 1973, Ch. 38, §9-1*).

2. That on January 24, 1974, the victim sustained numerous stab wounds during the struggle in an elevator at 2501 West Monroe, Street, Chicago, Illinois.

3. That statements, taken by police investigators shortly after the crime was committed, present no evidence of any provocation by the victim for the attack upon her.

4. That the victim was pronounced dead on arrival at Cook County Hospital. The Death Certificate, signed by the coroner on May 2, 1974, found the victim dead of a stab wound to the heart. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is contained in the Court's file on this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the alleged assailant, Nathanial McGhee, of 626 North Hamlin Avenue, Chicago, Illinois, has been indicted for murder (Indictment #74-1714). He is presently awaiting trial.

6. That there is no evidence that the victim and her assailant were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance in the investigation and prosecution of this case.

8. That the victim was unemployed during the 6 months immediately preceding the incident. Thus, loss of support to the victim's son, Richard, cannot be determined.

9. That the claimant incurred funeral expenses which were not covered by insurance or any other benefits, and the gross amount of pecuniary loss as computed before setoffs and deductions totals $1,150.00.

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards payable under the 'Workmen's Compensation Act,' or from local governmental, state or federal funds or from any other source (except annuitites, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)".

That in the claim before us, the claimant received no benefits from other sources, as contemplated by §7(d) of the Act. The statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶9, leaves an amount of compensable loss sustained by the claimant of $950.00.

IT IS HEREBY ORDERED that the sum of $950.00 (NINE HUNDRED FIFTY DOLLARS AND NO CENTS) be awarded to the claimant, Emma Hope as the mother of Marrie Annette Hope, minor, the innocent victim of a violent crime.